PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JOSÉ ESCOBAR CORREA, Defendant and Appellant.

No. 9925. Argued June 1, 1943.—Decided June 14, 1943.

*Juan Nevares Santiago* for appellant.   R. A. *Gómez, Prosecuting Attorney* (*Fiscal*), for appellee.

Mr. Justice De Jesús delivered the opinion of the court.

The appellant was convicted and sentenced to a month in jail and to the payment of costs for violation of the Spirits and Alcoholic Beverages Act, consisting in having in his possession and at his disposal, with the intent to defraud the Treasury of Puerto Rico, a gallon of distilled spirits upon which the tax required by §4 of said Act had not been paid. He took an appeal from this judgment and as his only assignment of error he urges that the trial court should have acquitted him, since it was not proved that the said tax upon the alcohol seized in his possession had not been paid. As appears from the transcript of the evidence, the liquor was seized on the accused and introduced in evidence in the municipal court, but there is no statement by the only witness who testified with regard to the events—Francisco Rivera, Internal Revenue Agent—to the effect that the container of alcohol had or did not have thereon Internal Revenue stamps for the amount of the tax. The defendant did not testify or introduce any evidence, relying exclusively on the insufficiency of that introduced by the district attorney. In the *de novo* trial before the district court, the said container was not introduced in evidence so that it could be determined by looking at the same if actually the tax had been or had not been paid. The said Internal Revenue agent limited himself to testifying in regard to this matter, that he, together with Jesús M. Fragroso, went out on an inspection tour to the country and in a deep hole they found a still distilling alcohol and a gallon of alcohol, and that when they approached the place several persons who were there left, the defendant alone remaining, who, upon being asked about the ownership of the still and the alcohol, said that they were his, and that he was the only one responsible.

The *Fiscal* of this court admits that the container was not introduced in evidence before the lower court and that

no one testified that it had no stamps, showing payment of the tax, attached to it; but he contends that it was for the defense and not the government to bring in said evidence, and cites in support of his contention several cases decided by this court which deal with violation of said law, consisting in not having registered stills with the Department of Finance, it having been held in those cases that the burden of proving the registration of the still corresponded to the defense and not to the district attorney, there being applied, in all those cases, the rule that provides that the duty of proving a fact falls upon the party that presumably has peculiar means of knowledge which place him in a condition to prove its falsity, if it is actually false, and which is generally applied to those cases in which the accused is charged with carrying on a business without the license required by law. This general rule, invoked by the *Fiscal,* is not applicable to the instant case. As it is said in 9 Wigmore on Evidence, §2487, p. 275, with regard to said rule, the truth is that there is not and there can not be an absolute rule for all the cases. The rule to be applied depends upon a question of justice and public order, predicated upon experience involving different situations.

The tax provided by The Spirits and Alcoholic Beverages Act (Third Special Session, 1936, page 44) should be paid in internal revenue stamps which should be affixed to the container holding the beverage, and Regulations No. 1, put into effect in accordance with the provisions of said Act, provides in §8, subdivision C:

"Identification stamps shall be canceled by overprinting or perforating the name of the distiller, rectifier, manufacturer, bottler or importer of the alcoholic beverages to be identified with the stamps and the date of cancellation shall be overprinted or perforated on each stamp. *Immediately after the containers of alcoholic beverages have been emptied, the identification stamp affixed thereto shall be completely destroyed by the person emptying same, and no such stamps shall be removed from its container or destroyed until the container has been completely emptied.*" (Italics ours.)

It is clear that the purpose of said provision of the Regulations is to determine at any time and to whatever extent it is humanly possible, by the affixing of the stamps, whether the tax on its contents has been or has not been paid.

The internal revenue agent having seized the liquor and its container and no license having been issued to show the payment of the tax, it is evident that there does not exist, within the circumstances of this case, the reason that inspires the rule invoked by the court's attorney. In accordance with said provision of the Regulations, ■ it is obvious that the best evidence to prove if the tax has been or has not been paid is the container containing the beverage, unless it is shown that there exist reasonable reasons which forbid the introduction of said container in evidence, in which case any other pertinent evidence could be introduced. This being so, and the agent having seized the container with the beverage, without having shown that said container could not be introduced in evidence, notwithstanding that the defense expressly asked this (Tr. of Ev., p. 11), as a matter of justice and public order ■ we can not impose upon the accused the burden of proving the existence of a fact when the government itself has deprived him of the means to produce said proof. Cf. *Macklin* v. *United States,* 79 F. (2d) 756.

The prosecution not having proved the essential element of the crime, that is, that upon said liquor the corresponding internal revenue tax had not been paid, the appeal should be sustained and the judgment is reversed and the accused acquitted.